**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

GARY D. HAMMOND,

      Plaintiff,                                      Case No. 2:08cv1080

v.

                                                     Judge Holschuh
                                                     Magistrate Judge King

MICHAEL J. WALKER,

      Defendant.

## ORDER
## and
## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding without the assistance of counsel, seeks leave to proceed in this civil action without prepayment of fees or costs. 28 U.S.C. §1915(a). Plaintiff's application for leave to proceed *in forma pauperis*, Doc. No. 1, is **GRANTED**. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. §1915(e), the Court concludes that it lacks subject matter jurisdiction or, alternatively, that the *Complaint* fails to state a claim upon which relief can be granted. It is therefore **RECOMMENDED** that the action be **DISMISSED**.

The defendant named in the *Complaint* is apparently a neighbor of plaintiff. Plaintiff complains that it was a witness statement signed by defendant to the Crooksville, Ohio, Police Department, *Exhibit B* attached to *Complaint*, that led to a felony charge against plaintiff, *i.e.*, assault on a police officer. Plaintiff seeks monetary damages. *Complaint*.

A witness in a criminal case is absolutely immune from liability under 42 U.S.C. §1983 in connection with claims arising from statements to police or testimony at trial. *See*

*Briscoe v. LaHue*, 460 U.S. 325 (1983). Moreover, it does not appear that the defendant named in this action was acting under color of state law within the meaning of 42 U.S.C. §1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

The civil cover sheet completed by plaintiff refers to "slander." Defamation does not give rise to a claim under federal law. *Paul v. Davis*, 424 U.S. 693 (1976). Moreover, this Court lacks diversity jurisdiction to consider any claim arising under state law because plaintiff and the defendant are both residents of Ohio. *See* 28 U.S.C. § 1332.

It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 24, 2008            *s/Norah McCann King*
                                                     Norah McCann King
                                          United States Magistrate Judge